File No. 717843

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT A. AYERS and JILL AYERS, his wife, | : |
| Plaintiffs, | : |
| v. | : CIVIL ACTION NO. |
| LEONID G. PAVLOV, QUALITY CARRIERS, MOE DOE, LARRY DOE, CURLY DOE AND/OR THREE STOOGES CORPORATION (fictitious names for the persons, partnerships and/or corporations intended), | : |
| Defendants. | : |

### NOTICE OF REMOVAL

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY:

Defendant, Quality Carriers, Inc. (improperly identified in the Complaint as Quality Carriers), through their attorneys, Rawle & Henderson LLP, respectfully aver as follows:

1. At all material times, plaintiffs, Robert A. Ayers and Jill Ayers, his wife, were and are citizens of the State of New Jersey and currently reside in the County of Morris, State of New Jersey. (See Exhibit "A"- Plaintiffs' Complaint)

2. Defendant, Quality Carriers, Inc., at all material times, was and is a corporation incorporated under the laws of the State of Illinois, with its principal place of business in Tampa, Florida.

3. Defendant, Leonid G. Pavlov, at all material times, was and is a citizen of the State of Pennsylvania.

4. Plaintiffs' commenced a civil action against defendants in the Superior Court of New Jersey for Morris County. A copy of the Summons and Complaint was received by Quality Carriers, Inc. on or about April 5, 2012. Upon information and belief, the Summons and Complaint has not yet been served or received by defendant Pavlov. Therefore, this petition for removal to Federal Court is timely filed.

5. A review of plaintiffs' Complaint reveals it does not contain an addendum clause. However, plaintiffs allege in the Complaint the following:

> The Plaintiff, Robert A. Ayers, sustained severe and permanent personal injuries; has been and will be caused great pain and suffering; has been and will be caused to expend large sums of money in an effort to cure himself of his injuries; has been and will be deprived of attending his usual activities and other great damages. (First Count - Paragraph 4)

6. Accordingly, plaintiffs have set forth a claim which may exceed the jurisdictional limit of $75,000, exclusive of interest and costs.

7. Diversity of citizenship within the meaning of 28 U.S.C. §1332 exists between plaintiffs and defendants since:

    (a) plaintiffs are citizens of the State of New Jersey;

    (b) defendant, Quality Carriers, Inc., at all material times, was and is a business incorporated under the laws of the State of Florida, with its principal place of business in Tampa, Florida; and

    (c) defendant, Leonid G. Pavlov, was and is a citizen of the State of Pennsylvania.

8. Moreover, pursuant to Lewis v. Rego Co., 757 F.2d 66 (3rd Cir. 1985), the consent of Leonid G. Pavlov is not required for removal as he has not yet been served. Notwithstanding, through counsel herein, Leonid G. Pavlov consents to the removal of this matter.

9. Furthermore, diversity of citizenship existed at the time the action sought to be removed was commenced and continues through the time of filing of this notice, such that defendants are entitled to removal pursuant to 28 U.S.C. §1441 as amended, and 28 U.S.C. §1446.

**WHEREFORE**, defendant herein prays that the above-captioned action now pending in the Superior Court of New Jersey, Law Division, Union County, be removed therefrom to this Honorable Court.

**RAWLE & HENDERSON** LLP

By: _/s/ Jeffrey A. Segal_
Jeffrey A. Segal, Esquire
40 Lake Center Executive Park
Suite 200, 401 Route 73 North
Marlton, NJ 08053
Attorney for Defendant
Quality Carriers, Inc.

Dated: 4/11/12

5392472-1