# EXHIBIT A



EINHORN, HARRIS, ASCHER, BARBARITO & FROST
A Professional Corporation
165 E. Main Street
P.O. Box 3010
Denville, New Jersey 07834-3010
(973) 627-7300
Attorneys for Plaintiffs

| | |
|---|---|
| ROBERT A. AYERS and JILL AYERS, his wife, <br><br>    Plaintiffs, <br><br> vs. <br><br> LEONID G. PAVLOV, QUALITY CARRIERS, MOE DOE, LARRY DOE, CURLY DOE AND/OR THREE STOOGES CORPORATION (fictitious names for the persons, partnerships and/or corporations intended), <br><br>    Defendants. | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION: MORRIS COUNTY <br> Docket No.  MRS-L- 710-12 <br><br> Civil Action <br><br> **COMPLAINT AND JURY DEMAND** |

Plaintiffs, ROBERT A. AYERS and JILL AYERS, his wife, residing at 33 South Lakeside Avenue, Lake Hopatcong, County of Morris, State of New Jersey, by way of Complaint against the defendants states;

## FIRST COUNT

1. On or about November 12, 2010, at approximately 4:30 p.m., plaintiff, ROBERT A. AYERS, was the owner and operator of a motor vehicle, which was stopped in traffic on Route 287 northbound in the right center lane in the Borough of Netcong, State of New Jersey.

2. At the aforesaid time and place, defendant, QUALITY CARRIERS, was the owner and defendant, LEONID G. PAVLOV, was the operator of a tractor trailer, which was traveling behind plaintiff, on Route 287 northbound in the right center lane in the Borough of Netcong, State of New Jersey.

3. At the aforesaid time and place, defendant(s), QUALITY CARRIERS and LEONID G. PAVLOV, negligently, carelessly, and recklessly operated the aforesaid tractor trailer while traveling at an unsafe speed when defendants violently struck the rear of plaintiff, ROBERT A. AYER'S stopped vehicle, seriously injuring plaintiff, ROBERT A. AYERS.

4. As a direct and proximate result of the negligence of defendants, QUALITY CARRIERS and LEONID G. PAVLOV, as aforesaid, the plaintiff, ROBERT A. AYERS, sustained severe and permanent personal injuries; has been and will be caused great pain and suffering; has been and will be caused to expend large sums of money in an effort to cure himself of his injuries; has been and will be deprived of attending to his usual activities and other great damages.

**WHEREFORE**, plaintiffs, ROBERT A. AYERS and JILL AYERS, his wife, demand Judgment against the defendants, QUALITY CARRIERS, LEONID G. PAVLOV, MOE DOE, LARRY DOE, CURLY DOE AND THREE STOOGES CORPORATION (fictitious names for the persons, partnerships and/or corporations intended) jointly and severally for damages, interest, and cost of suit.

### SECOND COUNT

1. Plaintiffs, ROBERT A. AYERS and JILL AYERS, his wife, repeat each and every allegation of the First Count as though more fully set forth herein.

2. At all relevant times herein, the plaintiff, JILL AYERS, was the lawful wife of the plaintiff, ROBERT A. AYERS.

3. As a direct and proximate result of the negligence of the defendants, QUALITY CARRIERS, LEONID G. PAVLOV, MOE DOE, LARRY DOE, CURLY DOE AND THREE STOOGES CORPORATION (fictitious names for the persons, partnerships and/or corporations intended), as aforesaid, the plaintiff, JILL AYERS, has been and will be deprived of the services, consortium and companionship of the plaintiff, ROBERT A. AYERS.

**WHEREFORE**, plaintiffs, ROBERT A. AYERS and JILL AYERS, his wife, hereby demand Judgment against the defendants, QUALITY CARRIERS, LEONID G. PAVLOV, MOE DOE, LARRY DOE, CURLY DOE AND THREE STOOGES CORPORATION (fictitious names for the persons, partnerships and/or corporations intended) jointly and severally, for damages, interest and costs of suit.

### THIRD COUNT

1. Plaintiffs, ROBERT A. AYERS and JILL AYERS, his wife, repeat each and every allegation of the First and Second Counts of the Complaint as though more fully set forth herein.

2. At all relevant times herein, the defendants, MOE DOE, LARRY DOE, CURLY DOE AND THREE STOOGES CORPORATION,(fictitious names for the persons, partnerships and/or corporations intended), so negligently, carelessly, and recklessly, owned, operated, employed the operator, designed, manufactured, sold, distributed, repaired, modified, renovated, tested, constructed, inspected and/or serviced any part of the motor vehicle involved in the within motor vehicle accident and/or any of its component parts and were otherwise negligent.

3. As a direct and proximate result of the negligence of the defendants, MOE DOE, LARRY DOE, CURLY DOE AND THREE STOOGES CORPORATION(fictitious names for the persons, partnerships and/or corporations intended), as aforesaid, plaintiff, ROBERT A. AYERS, sustained severe and permanent personal injuries; has been and will be caused great pain and suffering; has been and will be caused to expend large sums of money in an effort to cure himself of his injuries; has been and will be deprived of attending to his usual activities and other great damages.

**WHEREFORE**, plaintiffs, ROBERT A. AYERS and JILL AYERS, his wife, demand Judgment against the defendants, QUALITY CARRIERS, LEONID G. PAVLOV, MOE DOE, LARRY DOE, CURLY DOE AND THREE STOOGES

CORPORATION (fictitious names for the persons, partnerships and/or corporations intended) jointly and severally for damages, interest, and cost of suit.

                                            EINHORN, HARRIS, ASCHER,
                                            BARBARITO & FROST, P.C.
                                            Attorneys for Plaintiffs

                          BY: _____
                                            CHRISTOPHER L. MUSMANNO

Dated: March 14, 2012

## JURY DEMAND

Plaintiff requests a trial by jury on all issues involved.

                                            EINHORN, HARRIS, ASCHER,
                                            BARBARITO & FROST, P.C.
                                            Attorneys for Plaintiffs

                          By: _____
                                            CHRISTOPHER L. MUSMANNO

Dated: March 14, 2012

## DESIGNATION OF TRIAL COUNSEL

Pursuant to the provisions of the <u>Rule</u> 4:25-4, the Court is advised that Christopher L. Musmanno is hereby designated as trial counsel.

                                            EINHORN, HARRIS, ASCHER,
                                            BARBARITO & FROST, P.C.
                                            Attorneys for Plaintiffs

                          By: _____
                                            CHRISTOPHER L. MUSMANNO

Dated: March 14, 2012

## DEMAND FOR INTERROGATORY ANSWERS

Pursuant to R.4:17-1(b)(ii), the plaintiff hereby demands that all defendants answer the uniform interrogatories listed in Form C of Appendix II of the Rules of Court.

                              EINHORN, HARRIS, ASCHER,
                              BARBARITO & FROST
                              Attorneys for Plaintiffs

                  By: _____
                              CHRISTOPHER L. MUSMANNO

Dated: March 14, 2012

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

The undersigned attorney for plaintiff hereby demands that proof of all insurance which may extend coverage to the defendants for the subject incident and the limits of said coverage be furnished to plaintiff within five days of the date hereof.

                              EINHORN, HARRIS, ASCHER,
                              BARBARITO & FROST
                              Attorneys for Plaintiffs

                  By: _____
                              CHRISTOPHER L. MUSMANNO

Dated: March 14, 2012

## NOTICE IN LIEU OF SUBPOENA

Pursuant to R.1:9-1 plaintiff hereby demands the appearance of each and every named defendant for the purpose of giving testimony in the above referenced action at the time of trial.

                              EINHORN, HARRIS, ASCHER,
                              BARBARITO & FROST
                              Attorneys for Plaintiff

By: _____
       CHRISTOPHER L. MUSMANNO

Dated: March 14, 2012

## NOTICE TO PRODUCE DOCUMENTS

1. Any part of the vehicle that any party to this action alleges was defective as a result of its design, manufacture, preparation for sale or service and as a proximate cause of the incident described in the complaint for which damages are claimed in this action for inspection, examination, photographing and testing, if necessary, at the facilities of the defendant serving this request for production.

2. All photographs of the vehicle or any of its parts that exist so that copies can be made.

3. All photographs of the scene of the accident or incident complained of and for which damages are claimed in this action so that copies can be made.

4. All work orders, invoices or other documents relating in any way to the purchase, service, maintenance, repair or work of any kind done on the vehicle before the time of the incident

described in the complaint for which damages are claimed in this action so that copies can be made.

5. All work orders or other documents and invoices, repair estimates and bills relating in any way to the repair, service, maintenance or sale of the vehicle after the time of the incident described in the complaint for which damages are claimed in this action so that copies can be made.

6. The written reports, notes and any other documents made by any expert, mechanic or other person who examined the vehicle or any part of it after the time of the incident described in the complaint for which damages are claimed in this action so that copies can be made.

7. Any document containing or describing a verbal report or statement of any expert, mechanic or other person who examined the vehicle after the incident described in the complaint for which damages are claimed in this action so that copies can be made.

8. The written reports, notes and other documents made by any expert, mechanic or other person who examined any part of the vehicle that any party to this action alleges was defective as a result of its design, manufacture, preparation for sale or service and was a proximate cause of the incident described in the complaint for which damages are claimed in this action so that copies can be made.

9. Any documents containing or describing the verbal reports or statements of any expert, mechanic or other person who examined

any part of the vehicle that any party to this action alleges was defective as a result of its design, manufacture, preparation for sale or service and was a proximate cause of the incident described in the complaint for which damages are claimed in this action so that copies thereof can be made.

10. The written reports, notes and other documents made by all proposed expert witnesses whom you expect to call at trial.

11. Any document containing or describing the verbal reports or statements of all proposed expert witnesses whom you expect to call at trial.

EINHORN, HARRIS, ASCHER,<br>
BARBARITO & FROST, P.C.<br>
Attorneys for Plaintiffs

By: _____
    CHRISTOPHER L. MUSMANNO

DATED: March 14, 2012

## CERTIFICATION PURSUANT TO RULE 4:5-1

I, Christopher L. Musmanno, certify that:

1. I am an attorney at law of the State of New Jersey, attorney for the plaintiff.

2. Upon information and belief, the matter in controversy is not the subject of any other action pending in any Court or of a pending arbitration proceeding; and no other action or arbitration proceeding is contemplated. At this time, the plaintiff knows of no other party who should be joined in the action.

I **CERTIFY** that the foregoing statements made by me are true. I am aware that if any of the statements are willfully false, I am subject to punishment.

_____
CHRISTOPHER L. MUSMANNO

Dated: March 14, 2012

### CERTIFICATION PURSUANT TO R. 1:38-7(b)( c)

I, Christopher L. Musmanno, do hereby certify that confidential personal identifiers have been redacted from documents now submitted to the Court and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b)(c).

EINHORN, HARRIS, ASCHER,
BARBARITO & FROST
Attorneys for Plaintiffs

BY: _____
CHRISTOPHER L. MUSMANNO

Dated: March 14, 2012